LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

───────────────────────────────

MARY WEST,
on behalf of herself and
all others similarly situated,

        Case No.:

      Plaintiff,

        **CLASS ACTION COMPLAINT**

      -against-

        JURY TRIAL DEMANDED

EHARMONY, INC.,

      Defendant,

───────────────────────────────

Plaintiff, MARY WEST, on behalf of herself and others similarly situated, by and through her undersigned attorney, hereby files this Class Action Complaint against Defendant, EHARMONY, INC., and states as follows:

## <u>INTRODUCTION</u>

1.     This class action seeks to put an end to systemic civil rights violations committed by Defendant EHARMONY, INC. (hereafter "eHarmony"), against the blind in New York State and across the United States. eHarmony is denying blind individuals throughout the United States equal access to the goods and services eHarmony provides to its non-disabled customers through http://www.eharmony.com (hereafter "eHarmony.com" and "the website"). Eharmony.com provides to the public a wide array of the goods, services, online dating,

match-making, and other programs offered by eHarmony. Yet, eharmony.com contains access barriers that make it impossible for blind customers to use the website. In fact, the access barriers preclude blind users from completing registration and creating person profiles on the website. eHarmony excludes the blind from the full and equal participation in the growing online dating community that is increasingly a fundamental part of the common marketplace and daily life. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday services, allowing blind people to fully and independently access a variety of services. However, eHarmony.com is incompatible to assistive computer technology that would otherwise allow access to blind users.

2.      Plaintiff is a blind individual. She brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate a website that is fully accessible to, and independently usable by, blind people.

3.      Specifically, eharmony.com has many access barriers preventing blind people to independently navigate, create an account and complete a profile using assistive computer technology.

4.      Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

5.      Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.[1] There are approximately 400,000 visually impaired persons in New York State.

6.      Many blind people use matchmaking and dating services just as sighted people do. The lack of an accessible website means that blind people are excluded from the rapidly expanding online dating model and from independently accessing this ever-popular website.

7.      Despite readily available accessible technology, such as the technology in use at other heavily trafficked websites, which makes use of alternative text, accessible forms, descriptive links and resizable text (and limits the usage of tables and Javascript), eHarmony has chosen to rely on an exclusively visual interface, including pop-up forms and images without alt-text that are inaccessible. eHarmony's sighted customers can independently navigate, create an account and complete a new profile, browse matches, and send messages without the assistance of others. However, blind people must rely on sighted companions or strangers to assist them in even completing a profile on eHarmony.com. Blind people must necessarily disclose personal information, including their credit card information in order to purchase a subscription, to these other individuals in order to complete transactions.

8.      By failing to make its website accessible to blind persons, eHarmony is violating basic equal access requirements under both state and federal law.

9.      Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites

---

[1] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports

and other public accommodations that are inaccessible to blind and visually impaired persons. Similarly, New York state law requires places of public accommodation to ensure access to goods, services and facilities by making reasonable accommodations for persons with disabilities.

10.     Defendant violated statutes enacted in each of the fifty states and the District of Columbia that are designed to protect disabled persons, including blind persons, against unlawful discriminatory practices.  These statutes are:

a.   Alabama Handicapped Persons Act, Ala. Statues Ann. §§ 21-7-3, *et seq.*;
b.   Alaska Human Rights Law, Ak. Code § 18.80.230, *et seq.*;
c.   Arizona Arizonans with Disabilities Act, Arizona Revised Statutes, §§ 41-1492, *et seq.*;
d.   Arkansas Civil Rights Act, Ark. Code § 16-123-107, *et seq.*;
e.   California Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.*, and California Disabled Persons Act, Cal. Civ. Code § 54, *et seq.*;
f.   Colorado Anti-Discrimination Act, Colo. Rev. Stat. § 24-34-601, *et seq.*;
g.   Connecticut Human Rights and Opportunities Act, Conn. Gen. Stat § 46a-64, *et seq.*;
h.   Delaware Equal Accommodations Law, 6 Del. Code § 4504, *et seq.*;
i.   District of Columbia Human Rights Law, D.C. Code § 2-1402.31, *et seq.*;
j.   Florida Civil Rights Act, Fla. Stat. Ann. § 760.08, *et seq.* and Fla. Stat. Ann. § 413.08, *et seq.*;
k.   Georgia Handicapped Persons Act, § 30-4-2 *et seq.*;
l.   Hawaii Civil Rights Act, Hawaii Revised Statues § 489-2, *et seq.*;
m.   Idaho Human Rights Law, Idaho Code § 67-5909, *et seq.*;
n.   Illinois Human Rights Act, 775 ILCS 5 § 102/1, *et seq.*;
o.   Indiana Civil Rights Law, Indiana Code Ann. §§ 22-9-1-2, *et seq.*;
p.   Iowa Civil Rights Act, Iowa Code §§ 216.7, *et seq.*;
q.   Kansas Act against Discrimination, Kan. Stat. Ann §§ 44-1009, *et seq.*;
r.   Kentucky Civil Rights Act, Ky. Rev. Stat. Ann. §§ 344.120, *et seq.*;
s.   Louisiana Commission on Human Rights, La. Rev. Stat. Ann. § § 51:2247, *et seq.*;
t.   Maine Human Rights Act, 5 Me. Rev. Stat. § 4592, *et seq.*;
u.   Maryland Commission on Civil Rights, Md. Com. Law Code § 20-304, *et seq.*;
v.   Massachusetts Public Accommodation Law, Mass. Gen. Laws c. 272, ch. 98, *et seq.*;
w.   Michigan Persons with Disabilities Civil Rights Act, § § 37.2302, *et seq.*;
x.   Minnesota Human Rights Act, Minn. Stat. § 363A.11, *et seq.*;
y.   Mississippi Public Welfare Code, Miss. Code Ann. §§ 43-6-1, *et seq.*;
z.   Missouri Human Rights Act, Mo. Rev. Stat. § 213.065, *et seq.*;
aa.  Montana Human Rights Act, Mont. Code § 49-2-304, *et seq.*;
bb.  Nebraska Public Accommodations Law, Neb. Rev. Stat. § 20-139, *et seq.*;
cc.  Nevada Public Accommodations Law, Nev. Rev. Stat. §§ 651.070, *et seq.*;
dd.  New Hampshire Law Against Discrimination, N.H. Rev. Stat. § 354-A:17, *et seq.*;
ee.  New Jersey Law Against Discrimination, N.J. Stat. Ann. §§ 10:1-12, *et seq.*;
ff.  New Mexico Human Rights Act, N.M. Stat. Ann. §§ 28-1-7, *et seq.*;

*gg.* New York State Human Rights Law, N.Y. Exec. Law, Art. 15, Exec. Law § 296, *et seq.*, and New York State Administrative Code § 8-101 *et seq.*;

*hh.* North Carolina Persons with Disabilities Protection Act, North Carolina General Statutes §§ 168A-1, *et seq.*;

*ii.* North Dakota Human Rights Act, N.D. Cent. Code §§ 14-02.4-14, *et seq.*;

*jj.* Ohio Civil Rights Commission, Ohio Rev. Code. Ann. §§ 4112.021. *et seq.*;

*kk.* Oklahoma Anti-Discrimination Act, Okla. Stat. 25 § 1402, *et seq.*;

*ll.* Oregon Equality Act, Rev. Stat § 659A.403, *et seq.*;

*mm.* Pennsylvania Human Relations Act, 43 Penn. Stat. Ann. § § 955, *et seq.*;

*nn.* Rhode Island Civil Rights of People with Disabilities Act, R.I. Gen. Laws § 42-87.1-3, *et seq.*;

*oo.* South Carolina Bill of Rights for Handicapped Persons, S.C. Code Laws § 43-33-510, *et seq.*;

*pp.* South Dakota Human Rights Law, S.D. Codified Laws §§ 20-13-23, *et seq.*;

*qq.* Tennessee Human Rights Act, Tennessee Code Annotated §§ 4-21-102, *et seq.*;

*rr.* Human Rights Commission of Austin, Texas, Code of the City of Austin, § 2-1-148, *et seq.*;

*ss.* Utah Civil Rights Act, Utah Code Ann. §§ 13-7-3, *et seq.*;

*tt.* Vermont Anti-Discrimination Law, Vt. Stat. Ann. tit.9, § 4502, *et seq.*;

*uu.* Virginia Human Rights Act, Virginia Code Ann. §§ 2.2-3901, *et seq.*;

*vv.* Washington Law Against Discrimination, Wash. Rev, Code § 49.60.030, *et seq.*;

*ww.* West Virginia Human Rights Act, West Virginia Code § 5-11-2, *et seq.*;

*xx.* Wisconsin Equal Rights Program, Wis. Stat. §§ 106.52, *et seq.*;

*yy.* Wyoming Criminal Code, Wyoming Stat. Ann. § 6-9-101, *et seq.*

11.     Plaintiff intends to create an account and complete a new profile and use eHarmony's online dating services through eHarmony.com. However, unless Defendant remedies the numerous access barriers on their website, Plaintiff and Class members will continue to be unable to independently create an account and complete a new profile, sign up and purchase for a subscription, and browse matches and use eHarmony.com.

12.     This complaint seeks declaratory and injunctive relief to correct eHarmony's policies and practices to include measures necessary to ensure compliance with federal and state law and to include monitoring of such measures, to update and remove accessibility barriers on eharmony.com so that Plaintiff and the proposed Class and Subclasses of customers who are blind will be able to independently and privately use Defendant's website. This complaint also seeks minimum statutory damages to compensate Class and Subclasses of members for having been subjected to unlawful discrimination

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction of this action pursuant to:

a.  28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA"); and

b.  28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendants, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. See 28 U.S.C. § 1332(d)(2).

14.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the New York State Human Rights Law, N.Y. Exec. Law, Article 15 (Executive Law § 290 *et seq.*), and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("City law").

15.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a).

16.     Defendant eHarmony is registered to do business in New York State and has been doing business in New York State, including the Southern District of New York. It is subject to personal jurisdiction in this District. Defendant also has been and is committing the acts alleged herein in the Southern District of New York, has been and is violating the rights of consumers in the Southern District of New York, and has been and is causing injury to consumers in the Southern District of New York. A substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the Southern District of New York.

## PARTIES

17.     Plaintiff, MARY WEST, is and has been at all times material hereto a resident of New York County, New York.

18.     Plaintiff MARY WEST, is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*, the New York State Human Rights Law and City Law. Plaintiff WEST has no light perception and is completely blind. Plaintiff WEST has been denied the full enjoyment of the facilities, goods and services of eHarmony.com as a result of accessibility barriers on eHarmony.com. From March 2015 until May 2015, Plaintiff WEST attempted to create an account and complete a new profile to start using the online dating services of eHarmony.com, but was unable to do so due to the inaccessibility of the website. The inaccessibility of eHarmony.com has deterred her and Class members from using the online dating services of eHarmony.

19.     Defendant EHARMONY, INC. is an American for-profit corporation organized under the laws of Delaware, with a principal executive office at 2401 COLORADO AVE, SUITE 200, SANTA MONICA, CA 90404. eHarmony owns and operates an online service that matches singles seeking relationships through its website eHarmony.com. eHarmony.com provides the public with important goods and services, specifically a patented "Compatibility Matching System" which has seen tremendous success in matchmaking singles.[2] The inaccessibility of eHarmony.com has deterred Plaintiff and Class members from using its online dating services.

---

[2] eHarmony Survey by Harris Interactive®, http://www.eharmony.com/press-release/31/

20.     Plaintiff, on behalf of herself and others similarly situated, seeks full and equal access to the goods and services provided by eHarmony through eHarmony.com.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access eHarmony.com and as a result have been denied access to the enjoyment of goods and services offered by eHarmony, during the relevant statutory period." (The "Class").

22.     Plaintiff MARY WEST seeks certification of the following New York subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in New York State who have attempted to access eHarmony.com and as a result have been denied access to the enjoyment of goods and services offered by eHarmony, during the relevant statutory period." (The "New York Class").

23.     There are hundreds of thousands of visually impaired persons in New York. There are approximately 8.1 million people in the United States who are visually impaired. *Id.* Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

24.     This case arises out of Defendant's policy and practice of maintaining an inaccessible website denying blind persons access to the goods and services of eHarmony.com. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently create an account and complete a profile, and browse matches on eHarmony.com.

25.    There are common questions of law and fact common to the class, including without limitation, the following:

    a.  Whether eHarmony.com is a "public accommodations" under the ADA;

    b.  Whether eHarmony.com is "place or provider of public accommodation" under the laws of the eHarmony States;

    c.  Whether Defendant eHarmony through its website eHarmony.com denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA; and

    d.  Whether Defendant eHarmony through its website eHarmony.com denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the laws of the eHarmony States.

26.    The claims of the named Plaintiff are typical of those of the class. The class and subclass, similarly to Plaintiff, are severely visually impaired or otherwise blind, and claim that eHarmony has violated the ADA, and/or the laws of the eHarmony States by failing to update or remove access barriers on their website, eHarmony.com, so it can be independently accessible to the class of people who are legally blind.

27.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class and Subclass because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ P. 23(b)(2) because Defendant has acted or refused to act on grounds

generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff, the Class and Subclass as a whole.

28.     Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

29.     Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

30.     References to Plaintiff shall be deemed to include each named Plaintiff and each member of the class, unless otherwise indicated.

## FACTUAL ALLEGATIONS

31.     eHarmony operates an online dating service through its website, eHarmony.com.

32.     eHarmony.com is a service and benefit offered by eHarmony throughout the United States, including New York State. eHarmony.com is owned, controlled and/or operated by eHarmony.

33.     eHarmony.com is a commercial website that offers an online dating service with its patented "Compatibility Matching System." The system includes a detailed questionnaire with a specific algorithm to match singles based on their answers. Users can sign up for their own unique profile, pay for a subscription, browse matches and send messages.

34.     Among the features offered by eHarmony.com are the following:

    a.  The ability to create an account

      b.  The ability to create a personalized online dating profile;

      c.  The ability to sign up and pay for a subscription for elevated features on the online dating platform;

      d.  The ability to browse matches; and

      e.  The ability to send messages to other users.

35.     This case arises out of eHarmony's policy and practice of denying the blind access to eHarmony.com, including the goods and services offered through eHarmony.com. Due to eHarmony's failure and refusal to remove access barriers to eHarmony.com, blind individuals have been and are being denied equal access to eHarmony's online dating services, as well as to the numerous goods, services and benefits offered to the public through eHarmony.com.

36.     eHarmony denies the blind access to goods, services and information made available through eHarmony.com by preventing them from freely navigating eHarmony.com.

37.     The Internet has become a significant source of information, for conducting business and for doing everyday activities such as shopping, banking, etc., for sighted and blind persons.

38.     The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet. Unless websites are designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products and services contained therein.

39.     There are well-established guidelines for making websites accessible to blind people. These guidelines have been in place for at least several years and have been followed

successfully by other large business entities in making their websites accessible. The Web Accessibility Initiative (WAI), a project of the World Wide Web Consortium which is the leading standards organization of the Web, has developed guidelines for website accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including, but not limited to: adding invisible alt-text to graphics; ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible, and adding headings so that blind people can easily navigate the site. Without these very basic components a website will be inaccessible to a blind person using a screen reader.

40.     eHarmony.com contains access barriers that prevent free and full use by blind persons using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: lack of alt-text on graphics, inaccessible forms, inaccessible image maps, the lack of adequate prompting and labeling; the denial of keyboard access; and the requirement that transactions be performed solely with a mouse.

41.     Alternative text ("Alt-text") is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that a screen reader can speak the alternative text while a sighted user sees the picture. Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse moves over the picture. There are many important pictures on eHarmony.com that lack a text equivalent. The lack of Alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics. (Screen readers detect and vocalize Alt-text to provide a

description of the image to a blind computer user.) As a result, blind eHarmony customers are unable to determine what is on the website, create an account and complete a new profile, and by extension browse matches and send messages on eHarmony.com.

42.     Similarly, eHarmony.com lacks accessible image maps. An image map is a function that combines multiple words and links into one single image. Visual details on this single image highlight different "hot spots," which, when clicked on, allow the user to jump to many different destinations within the website. For an image map to be accessible, it must contain Alt-text for the various "hot spots." The image maps on eHarmony.com do not contain adequate Alt-text and are therefore inaccessible.

43.     eHarmony.com also lacks prompting information and accommodations necessary to allow blind shoppers who use screen readers to locate and accurately fill-out online forms. On an online dating site such as eHarmony.com, these forms include search fields to pick preferences for browsing matches and fields used to fill-out personal information, including address and credit card information. Due to the lack of adequate labeling, blind customers cannot easily create an account and complete a new profile, much less browse matches, nor can they enter their personal identification and financial information with confidence and security.

44.     The lack of navigation links on eHarmony's website makes attempting to navigate through eHarmony.com even more time consuming and confusing for blind consumers.

45.     eHarmony.com requires the use of a mouse to complete a transaction. Yet, it is a fundamental tenet of web accessibility that for a web page to be accessible to blind people, it must be possible for the user to interact with the page using only the keyboard. Indeed, blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, eHarmony.com's inaccessible

design, which requires the use of a mouse to complete a transaction, denies blind eHarmony customers the ability to independently browse, create an account and complete a profile, and making subscription purchases on eHarmony.com.

46.     Due to eHarmony.com's inaccessibility, blind eHarmony users must be assisted by a third party or otherwise not be able to use eHarmony's services at all. Many blind customers do not want to give away personal and sensitive information to third parties. By contrast, if eHarmony.com was accessible, a blind person could independently create an account and complete a new profile, and browse matches to fully utilize the online dating service eHarmony provides as sighted individuals can and do.

47.     eHarmony.com thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use EHarmony.com and who would otherwise be able to fully and equally enjoy the benefits and services of eHarmony in New York and throughout United States.

48.     From March 2015 to May 2015, Plaintiff WEST has made numerous attempts to access eHarmony.com, and create an account and complete a new profile on eHarmony.com but was unable to do so independently because of the many access barriers on Defendant's website, causing eHarmony.com to be inaccessible, and independently usable by, blind people and visually impaired individuals.

49.     As described above, Plaintiff has actual knowledge of the fact that Defendant's website, eHarmony.com contains access barriers causing the website to be inaccessible, and independently usable by, blind people and visually impaired people.

50.     These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of eHarmony.com.

51.     eHarmony engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

 a.   constructed and maintaining a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

 b.   constructed and maintaining a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

 c.   failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

52.     eHarmony utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## FIRST CAUSE OF ACTION

(Violation of Title III of the Americans with Disabilities Act,
42 U.S.C. §§ 12181, *et seq.*)
(on behalf of Plaintiff and the Class)

53.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

54.     Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

55.     Defendant eHarmony through its website eHarmony.com, operating in New York

State and throughout the United States, is a "service establishment," "sales establishment," "place of recreation," and "place of exhibition or entertainment," and therefore a public accommodation within the definition of 42 U.S.C. § 12181(7).

56.     Defendant eHarmony is subject to Title III of the ADA because it owns and operates the eHarmony.com.

57.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

58.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

59.     Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

60.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids

and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

61.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

62.     The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Blind users who have attempted to use the online dating service provided through eHarmony.com have been denied full and equal access, have not been provided services that are provided to other users who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

63.     eHarmony has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

64.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of eHarmony.com in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

65.     Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

66.     The actions of Defendant was and is in violation of the ADA and therefore Plaintiff invoke her statutory right to injunctive relief to remedy the discrimination.

67.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

68.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Violation of New York State Human Rights Law, N.Y. Exec. Law,
Article 15 (Executive Law § 292 *et seq.*)
(on behalf of Plaintiff and New York Class)

69.     Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

70.     N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation … because of the … disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

71.     eHarmony.com operating in New York State and throughout the United States is a "sales establishment" and "service establishment," and therefore is a public accommodation within the definition of N.Y. Exec. Law § 292(9).

72.     Defendant is subject to New York Human Rights Law because it owns and

operates eHarmony.com. Defendant is a person within the meaning of N.Y. Exec. Law § 292(1).

73.     Defendant is violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to eHarmony.com, causing eHarmony.com and the online dating services in relation to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

74.     Specifically, under N.Y. Exec. Law § 296(2)(c)(I), unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

75.     In addition, under N.Y. Exec. Law § 296(2)(c)(II), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

76.     There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not

limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

77.    Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exc. Law § 296(2) in that Defendant has:

   a.   constructed and maintaining a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

   b.   constructed and maintaining a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

   c.   failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

78.    Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

79.    As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of eHarmony.com under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff WEST and members of the subclass will continue to suffer irreparable harm.

80.    The actions of Defendant was and is in violation of New York State Human Rights Law and therefore Plaintiff invokes her right to injunctive relief to remedy the

discrimination.

81.     Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exc. Law § 297(4)(c) *et seq.* for each and every offense.

82.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

83.     Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION

(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, *et seq.*)
(on behalf of Plaintiff and New York Class)

84.     Plaintiff realleges and incorporates by reference the allegations foregoing allegations as if set forth fully herein.

85.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of … disability … directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

86.     eHarmony.com operates in New York State and throughout the United States and is a "service establishment" and "sales establishment," and therefore a public accommodation within the definition of N.Y.C. Administrative Code § 8-102(9).

87.     Defendant is subject to City Law because it owns and operates eHarmony.com. Defendant is a person within the meaning of N.Y.C. Administrative Code § 8-102(1).

88.     Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to eHarmony.com, causing eHarmony.com and the online dating services in relation to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public. Specifically, Defendant is required to "make reasonable accommodation to the needs of persons with disabilities … any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to … enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

89.     Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendant has:

      a.   constructed and maintaining a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

      b.   constructed and maintaining a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

      c.   failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

90.     Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

91.     As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full

and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of eHarmony.com under § 8-107(4)(a) and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff WEST and members of the subclass will continue to suffer irreparable harm.

92.     The actions of Defendant was and is in violation of City law and therefore Plaintiff WEST invokes her right to injunctive relief to remedy the discrimination.

93.     Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each and every offense.

94.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

95.     Pursuant to N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION

(Declaratory Relief)
(on behalf of Plaintiff and the Class)

96.     Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

97.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believe that Defendant denies, that eHarmony.com contains access barriers denying blind customers the full and equal access to the goods, services and facilities of eHarmony.com and by extension the online dating services, which eHarmony owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y.

Exec. Law § 296, *et seq.,* and N.Y.C. Administrative Code § 8-107, *et seq.* prohibiting discrimination against the blind.

98.     A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief as follows:

99.     A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of the fifty states as referenced in paragraph 10;

100.    A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, eHarmony.com, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that eHarmony.com is readily accessible to and usable by blind individuals;

101.    A declaration that Defendant is owning, maintaining and/or operating its website, eHarmony.com, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.*, and the laws of fifty states as referenced in paragraph 10;

102.    An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and her attorneys as Class Counsel;

103.    Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed subclasses for violations of their civil rights under New York State Human Rights Law and City Law;

104.    Plaintiff's reasonable attorneys' fees, expenses, and costs of suit as provided by state and federal law;

105.    For pre and post-judgment interest to the extent permitted by law; and

106.    Such other and further relief as the Court deems just and proper.

DATED: August 3, 2015

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181

By: _____
        C.K. Lee, Esq.